Alvin Hawkins, J.,
delivered the opinion of the Court.
The plea of defendant sets up the adverse possession, of the defendants, under deeds purporting to convey a,n estate in fee, in bar of complainant’s rights, and is in substance, a plea of the statute of limitations.
It is insisted in argument that the case falls within the principles of the case of Guión vs. Anderson — 8 Hum., 298.
We do not think so. In that case it was held the husband and wife were jointly seized of the lands which had descended to the wife.
The husband, by virtue of the marriage, had an estate of freehold in right of his wife, in her inheritance, which might continue' during their joint lives, and possibly might last during his own life.
There was a joint estate in husband and wife. The disseizin was of the entire joint estate; and to recover possession thereof, they must have joined in the suit; and in such case, the statute of limitations would begin to run against both husband and wife at the time of the adverse entry; hence, the joint right of action was barred by an adverse possession of seven years, under *216 an assurance of title purporting to convey an estate in fee simple. The heirs of the wife, in such case, must sue within three years next after the death of the wife, or they would be barred.
In this case, the conveyance to the wife is for life, and to her sole and separate use; consequently, the husband, by virtue of his marital right, took no estate whatever in the lands conveyed to the wife. There was no joint estate.
But, suppose we were wrong in these conclusions, the result would be the same upon another ground.
Excluding the time from the 6th of May, 1861, when the statute of limitations ceased to run, to the 1st of January, 1867, when it again began its course, defendant, Huffman, and those under whom he claimed, have not had the adverse possession of the land in controversy for seven years next before the filing of this bill.
The possession of Blanton commenced September 6, 1854, and this bill was filed in January, 1867.
The decree of the Chancellor is erroneous, and must be reversed.